IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ERIKA DANIELLE DOUGLAS, et al.,

  Plaintiffs,

  v.

SHERIFF FRANK REYNOLDS, in his official capacity, et al.,

  Defendants.

CIVIL ACTION FILE
NO. 1:24-CV-01009-TWT

OPINION AND ORDER

This is a civil rights case. It is before the Court on the Defendants'[1] Renewed Motion to Dismiss [Doc. 16], which is unopposed. For the reasons set forth below, the Defendants' Motion to Dismiss [Doc. 16] is GRANTED.

I.  Background[2]

This case involves alleged false arrest and malicious prosecution. The Plaintiffs in this case are Erika Danielle Douglas and Keiana Danae Douglas. (1st Am. Compl. ¶ 5). Defendant Reynolds was the duly elected Sheriff of Cherokee County, Georgia. (*Id.* ¶ 6). Defendant Gergans was, at all relevant times, a deputy sheriff employed by the Sheriff of Cherokee County. (*Id.* ¶ 7). On May 17, 2023, Gergans arrived at Cherokee Summit Apartments on a call

---

[1] The Defendants include Sheriff Frank Reynolds in his official capacity and Deputy Amanda Gergans in her individual capacity. (*See* Compl., at p. 1).

[2] The Court accepts the facts as alleged in the First Amended Complaint as true for purposes of the present Motion to Dismiss. *Wilding v. DNC Servs. Corp.*, 941 F.3d 1116, 1122 (11th Cir. 2019).

for a possible domestic dispute. (*Id.* ¶ 11). She was advised by dispatch that a woman was screaming in the parking lot and threatening to stab someone. (*Id.* ¶ 12). When Gergans arrived on the scene, one person pointed in the direction to which the woman went. (*Id.* ¶ 13). Another person told Gergans, "it's okay y'all, she was just on the phone." (*Id.* ¶ 14).

Gergans arrived at the Plaintiffs' apartment, and Erika Douglas answered the door. (*Id.* ¶¶ 15-16). Erika Douglas informed Gergans that her daughter, Keiana Douglas, was outside earlier but was currently in the residence. (*Id.* ¶ 16). Erika Douglas then attempted to close her door, but Gergans put her foot in the doorway to prevent it from closing. (*Id.* ¶ 17). Gergans told the Plaintiffs to exit their residence, but the Plaintiffs refused. (*Id.* ¶ 18). Gergans then forced entry into the residence and attempted to force Erika Douglas outside. (*Id.* ¶ 19). Gergans placed Plaintiffs under arrest for Obstruction of an Officer and three counts of Cruelty to Children in the 3rd Degree. (*Id.* ¶ 20). The Plaintiffs were imprisoned overnight in the Cherokee County jail until being released on bond. (*Id.* ¶ 21). The Plaintiffs allege that Gergans obtained an arrest warrant with materially false statements and omissions. (*Id.* ¶ 22). All criminal charges against the Plaintiffs were dismissed on July 13, 2023. (*Id.* ¶ 23)

The Plaintiffs then filed the present suit alleging violations of the Fourth and Fourteenth Amendments of the U.S. Constitution, 42 U.S.C.

§ 1983, the Georgia Constitution, and Georgia state statutes. (*Id.* ¶¶ 28-44). The Defendants now move to dismiss the First Amended Complaint.[3]

## II.   Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983); *see also Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon

---

[3] The Plaintiffs filed a Second Amended Complaint [Doc. 13], but the Court struck that pleading in a previous Order [Doc. 21]. Consequently, the First Amended Complaint is the operative pleading.

which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555).

### III.  Discussion

The Defendants argue that the First Amended Complaint is an improper shotgun pleading, that the Plaintiffs' claims cannot arise from the Fourteenth Amendment or the Georgia Constitution, and that Plaintiffs have failed to state a claim against Defendant Reynolds. The Court addresses each argument in turn.

#### A. Shotgun Pleading

The Court starts by analyzing whether the First Amended Complaint is an improper shotgun pleading. "Shotgun pleadings violate Rule 8 . . . by failing to one degree or another to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Vibe Micro, Inc. v. Shavanets*, 878 F.3d 1291, 1294 (11th Cir. 2018) (citation and brackets omitted). The Eleventh Circuit has outlined four types of shotgun pleadings:

> (1) multiple counts that each adopt the allegations of all preceding counts;
>
> (2) conclusory, vague, and immaterial facts that do not clearly connect to a particular cause of action;
>
> (3) failing to separate each cause of action or claim for relief into distinct counts; or
>
> (4) combin[ing] multiple claims against multiple defendants without specifying which defendant is responsible for which act.

4

*McDonough v. City of Homestead*, 771 F. App'x 952, 955 (11th Cir. 2019) (citation omitted). The First Amended Complaint squarely falls within the first and third categories.

First, the First Amended Complaint "commit[s] the mortal sin of re-alleging all preceding counts," which "caus[es] each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321-22 (11th Cir. 2015) (citations omitted). The first allegation of each count in the First Amended Complaint states that all of the prior paragraphs "are hereby incorporated herein by reference." (1st Am. Compl. ¶¶ 28, 30, 32, 37, 40). This alone makes the First Amended Complaint a shotgun pleading under the first category.

Moreover, the First Amended Complaint combines several causes of action into individual counts. For example, Counts I and IV each allege that Gergans "falsely arrested" and "maliciously prosecuted" the Plaintiffs in violation of the Fourth Amendment and the Georgia Constitution, respectively. (*Id.* ¶ 29, 38). However, those are two entirely different theories of liability. *See Sylvester v. Fulton Cnty. Jail*, 94 F.4th 1324, 1330 (11th Cir. 2024) ("[W]e pause to emphasize that Sylvester has raised a Fourth Amendment malicious prosecution claim, not a Fourth Amendment false arrest claim. A 'malicious prosecution' claim is that an officer used a constitutionally deficient legal

5

process to effectuate an arrest—here, an allegedly defective warrant. A 'false arrest' claim challenges as constitutionally deficient an officer's on-the-spot determination of probable cause." (citations omitted)); *Martin v. Miami Dade Cnty.*, 2024 WL 1434329, at *6 (11th Cir. Apr. 3, 2024).

Furthermore, in Count V, the Plaintiffs allege violations of three different Georgia statutes as well as the tort of negligence. (1st Am. Compl. ¶¶ 41-44). To make matters worse, with each of the alleged violations of Georgia statutes, the Plaintiffs refer to unnamed "other applicable law" as a source of liability. For instance, "the aforementioned acts and omissions of Defendant Gergans in causing the Plaintiffs to be unlawfully detained and deprived of his personal liberty constitutes the tort of false imprisonment under O.C.G.A. § 51-7- 20 *and other applicable law*, for which Defendant Gergans is individually liable." (*Id.* ¶ 42) (emphasis added). Without stating what other laws the Defendants may have violated, the First Amended Complaint fails to provide the Defendants with adequate notice as to the claims against them.

Thus, for all of the above reasons, the Court concludes that the First Amended Complaint is an improper shotgun pleading. "A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Wagner v. Daewoo Heavy*

6

*Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc). The Plaintiffs are represented by counsel in this case, and they have not opposed the Defendants' Motion to Dismiss or otherwise requested leave to amend. The Court therefore may dismiss this First Amended Complaint without sua sponte granting leave to amend. The Court will do so here.

### B. Fourteenth Amendment Claim (Count II)

In addition to being a shotgun pleading, there are several other issues with the First Amended Complaint. Count II of the First Amended Complaint alleges that Defendant Gergans's conduct "constituted a deprivation of the Plaintiffs [sic] liberty without due process in violation of the Fourteenth Amendment of the United States Constitution." (1st Am. Compl. ¶ 31). Yet, if "the Fourth Amendment provides an explicit textual source of constitutional protection," then "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Graham v. Connor*, 490 U.S. 386, 395 (1989). "For example, in *Albright v. Oliver*, 510 U.S. 266 [] (1994), the Supreme Court refused to recognize a substantive due process right under the Fourteenth Amendment to be free from criminal prosecution except upon probable cause; the Court determined that such a claim must be analyzed under the Fourth Amendment." *Jordan v. Mosley*, 298 F. App'x 803, 805 (11th Cir. 2008) (citation omitted). In doing so, the plurality stated that "[t]he Framers considered the matter of pretrial

7

deprivations of liberty and drafted the Fourth Amendment to address it." *Albright*, 510 U.S. at 274.

Despite the confusion as to what exact claims the Plaintiffs raise in their First Amended Complaint, they all involve alleged pretrial deprivations of liberty. Thus, the proper vehicle to assert those claims is via the Fourth Amendment, not the Fourteenth Amendment. The Plaintiffs therefore fail to state a claim under Count II of the First Amended Complaint.

### C. Georgia Constitution Claim (Count IV)

Count IV of the First Amended Complaint alleges that Defendant Gergans's conduct constitutes "the unreasonable seizure of his person and property in violation of Art. 1. § I, ¶13 of the Constitution of the State of Georgia." (1st Am. Compl. ¶ 38). However, the case law is clear that "Georgia has no equivalent to 42 U.S.C. § 1983, so Plaintiff cannot bring a private action under the Georgia Constitution." *Harris v. Hixon*, 2022 WL 2820110, at *12 (S.D. Ga. July 19, 2022) *aff'd*, 102 F.4th 1120 (11th Cir. 2024); *see also Timberson v. Butts*, 2022 WL 17672624, at *9 (M.D. Ga. Dec. 14, 2022) ("Initially, any claim based solely on the Georgia Constitution fails, as there is no equivalent to § 1983 under Georgia law." (citation omitted); *Sauls v. Hobby*, 2020 WL 2763380, at *3 (M.D. Ga. Mar. 18, 2020) ("Georgia has no equivalent to 42 USC § 1983, which gives a claim against a state officer individually for certain unconstitutional acts." (citations omitted); *Collins v. Schantz*, 369 Ga.

8

App. 282, 286 (2023) ("[T]his Court has long noted that Georgia law contains no equivalent to 42 U. S. C. § 1983, which gives a claim against a state officer individually for certain unconstitutional acts." (quotation marks and citations omitted)). Since it is attempting to assert a private cause of action from an alleged violation of the Georgia Constitution, Count IV fails to state a claim.

### D. Claims against Reynolds

Finally, the claims against Reynolds are barred by the Eleventh Amendment. In *Manders v. Lee*, 338 F.3d 1304, 1328 (11th Cir. 2003), the Eleventh Circuit concluded that "Sheriff Peterson in his official capacity is an arm of the State, not Clinch County, in establishing use-of-force policy at the jail and in training and disciplining his deputies in that regard. Therefore, Sheriff Peterson is entitled to Eleventh Amendment immunity in this case." (footnote omitted). The court went on to say, "[w]e need not answer, and do not answer, today whether Sheriff Peterson wears a 'state hat' for any other functions he performs." *Id.* Since then, other courts have weighed in to find that Eleventh Amendment immunity applies to sheriffs in their law enforcement duties as well: "[i]nvestigatory stops and arrests fall squarely within the traditional law-enforcement responsibilities of a sheriff and his deputies [delegated by the state]. Furthermore, this and other courts have applied the *Manders* factors to reach this conclusion in the context of law-enforcement functions." *Townsend v. Coffee Cnty., Ga.*, 854 F. Supp. 2d

9

1345, 1352 (S.D. Ga. 2011) (footnote omitted) (compiling cases). Reynolds is sued in his official capacity based on alleged policies related to law enforcement. (1st Am. Compl. ¶ 36). Seeing nothing that distinguishes this case, the Court finds that Eleventh Amendment immunity applies as to any federal claims raised against Reynolds.

The Court need not analyze whether state sovereign immunity also applies because no state law claim is raised against Reynolds. The allegations that specifically name Reynolds involve alleged violations of federal constitutional rights. (1st Am. Compl. ¶¶ 33-36). Those all come in Count III of the First Amended Complaint, which does not incorporate any of the state law claims alleged. (*Id.* ¶ 32). Therefore, the Court sees no interpretation of this pleading in which the Plaintiffs are asserting state law claims against Reynolds. The Court accordingly will not analyze whether such claims should be dismissed. Since the federal claims are barred by Eleventh Amendment immunity and since no state law claims were raised, none of the claims asserted against Reynolds may proceed.

### IV. Conclusion

For all the reasons stated above, the Defendants' Motion to Dismiss [Doc. 16] is GRANTED.

SO ORDERED, this ___3rd___ day of February, 2025.

/s/ Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge